**JOHN D. SULLIVAN**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email: John.Sullivan2 @usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 17-76-BLG-SPW** |
| Plaintiff, | |
| vs. | **OFFER OF PROOF** |
| **KEITH ALAN ROSE,** | |
| Defendant. | |

The United States, represented by Assistant U.S. Attorney John D. Sullivan, files the following offer of proof in anticipation of the change of plea hearing set in this case on May 17, 2018.

1

## THE CHARGES

The defendant, Keith Alan Rose, is charged by indictment in count I with conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 846; in count II with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and in count III with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

## PLEA AGREEMENT

There is no plea agreement in this case. Rose has indicated that he will plead guilty to the indictment without the benefit of a plea agreement. In the government's view, this is the most favorable resolution for the defendant. *See Missouri v. Frye,* 566 U.S. 134, 145-46 (2012).

## ELEMENTS OF THE CHARGES

In order for the defendant to be found guilty of conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 846, the United States must prove each of the following elements beyond a reasonable doubt:

> First, beginning in or about September 2016 and ending in or about November 2016, there was an agreement between two or more persons to possess with the intent to distribute and to distribute a substance containing a detectable amount of methamphetamine; and

> Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.
>
> In addition, while not a formal element of the offense, the United States must also prove beyond a reasonable doubt that the conspiracy involved 50 or more grams of actual methamphetamine.
>
> To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

In order for the defendant to be found guilty of with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, the United States must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly possessed a substance containing a detectable amount of methamphetamine; and
>
> Second, the defendant possessed it with the intent to deliver it to another person.
>
> In addition, while not a formal element of the offense, the United States must prove beyond a reasonable doubt that the defendant possessed, with the intent to distribute, 50 or more grams of actual methamphetamine.
>
> It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

In order for the defendant to be found guilty of with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), the United States must prove each of the following elements beyond a reasonable doubt:

> First, the defendant committed the crimes of conspiracy to possess with the intent to distribute and to distribute methamphetamine and possession with intent to distribute methamphetamine as charged in counts I and II of the indictment, which are drug trafficking crimes;
>
> Second, the defendant knowingly possessed a Hi-Point C9, 9mm Luger caliber semi-automatic pistol and a Beretta 21A, .22LR caliber semi-automatic pistol; and
>
> Third, the defendant possessed the firearms in furtherance of the crimes charged in counts I and II of the indictment.
>
> A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

## PENALTIES

Counts I and II of the indictment carry a mandatory minimum penalty of ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and $100 special assessments. Count III of the indictment carries a mandatory minimum five years to life imprisonment consecutive to any other term of imprisonment, a $250,000 fine, at least five years of supervised release, and a $100 special assessment

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

At the beginning of November 2016, an anonymous person emailed the Billings Police Department to report that the defendant, Keith Rose, aka "Rabbit," had been trafficking methamphetamine in Billings. Agents developed probable cause to search Rose's house, which they did on November 10, 2016, after applying for and receiving a search warrant to do so.

During the search of Rose's house, agents found approximately 111 grams of methamphetamine, paraphernalia, concealment cans, ledgers, hundreds of plastic baggies, and a digital scale. A coffee can with loose ammunition was found in the living room containing .22, 9mm Luger, 9mm, and .38 caliber ammunition. Between the mattresses in the bedroom, agents found another 24 rounds of 9mm ammunition. They later obtained a search warrant for both of Rose's vehicles as well. In one, they found an additional half-ounce of methamphetamine, a Beretta .22 caliber pistol, and a Hi-Point 9mm pistol, both of which were loaded. The Beretta was located under the driver's seat and the Hi-Point was in the glovebox. In the other vehicle, agents found several plastic baggies with residue in the center console along with a digital scale.

The methamphetamine found in Rose's house and car was analyzed at the DEA Western Laboratory.  Total, the amount came out to approximately 91 grams of actual methamphetamine.

DATED this 8th day of May, 2018.

>KURT G. ALME
>United States Attorney
>
>
> */s/ John D. Sullivan*
>JOHN D. SULLIVAN
>Assistant U.S. Attorney